<u>NOT FOR PUBLICATION</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CLYNT CROSBY,

        Petitioner,

        v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

        Respondents.

Civil Action No. 05-4650 (JAP)

**O P I N I O N**

**APPEARANCES:**

    Clynt Crosby, Petitioner, <u>Pro</u> <u>Se</u>
    #154326-A5W/A75-842-980
    Hudson County Jail
    35 Hackensack Avenue
    South Kearny, New Jersey 07032

    Donna Krappa, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Attorneys for Respondents

**PISANO, District Judge**

    Petitioner, Clynt Crosby, is currently being detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement at the Hudson County Jail in South Kearny, New Jersey, pending his removal from the United States.

    The named respondents are the United States Department of Homeland Security ("DHS"); the Bureau of Immigration and Customs Enforcement ("BICE"); and Oscar Aviles, the warden of the Hudson

County Jail. The Government filed an Answer to the petition on January 23, 2006, with the relevant administrative record. Petitioner filed a reply to the Answer on February 7, 2006, and additional documentation on March 15, 2006.

## BACKGROUND

Petitioner, a citizen of Trinidad and Tobago, illegally entered the United States about ten years ago. On October 22, 2002, he was ordered removed by an Immigration Judge ("IJ"). The IJ permitted Petitioner to voluntarily depart by a certain date. Petitioner did not do so. Therefore, on February 5, 2003, he was taken into ICE custody in Newark, and has remained in custody since.

On February, 20, 2003, Petitioner filed a writ of habeas corpus in this District Court. The Honorable Katharine S. Hayden, U.S.D.C., entered an order staying Petitioner's deportation on May 1, 2003. On August 5, 2005, Judge Hayden signed an order transferring Petitioner's habeas petition to the Court of Appeals for the Third Circuit, pursuant to the Real ID Act.

Respondents provide documentation demonstrating that the Petitioner's detention has been reviewed, most recently on November 1, 2005. The BICE decided to continue Petitioner's detention, stating that a stay had been entered in August 2005 (as continued by the Third Circuit, but originally in May 2003 by

2

Judge Hayden), and that they have not had 90 "unencumbered" days to effect his removal, as permitted by statute. Also, they noted that Petitioner possesses a valid passport for Trinidad and Tobago, and would be scheduled for a flight as soon as the stay was lifted.

## DISCUSSION

### A. Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, petitioner challenges his continued detention since February 5, 2003. He claims that his indefinite detention is constitutionally impermissible because he has been denied due process guaranteed under the Fifth Amendment. He further claims that his continuing detention is unlawful because he does not pose a flight risk or danger to public safety. He contends that he has many skills and has been a model detainee while housed at Hudson County Jail.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See

Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B. Discussion**

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, an alien must be released if he can establish that his removal is not reasonably foreseeable. See Clark v. Martinez, 543 U.S. 371 (2005); Zadvydas v. Davis, 533 U.S. 678 (2001).

In addition § 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, Petitioner argues that he should not be subject to incarceration simply because he secured a stay of removal. However, it has been held that because Petitioner has a stay of removal in effect, the post-order removal period does not begin until the Court decides the petition for review. See Vasquez v. Immigration and Customs Enforcement, 2005 WL 3481523 at *2 (3d Cir. Dec. 21, 2005)(unpubl.) (citing 8 U.S.C. § 1231(a)(1)(B)(ii)); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)(by applying for stay, petitioner interrupted the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002)(petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003)(unpubl.)(as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation, and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (unpubl.) (because petitioner asked for and was granted stay of deportation, he is not being held in

violation of Zadvydas, but rather held pursuant to stay he requested). For substantially the same reasons, the respondents rely on Abimbola v. Ridge, 2005 WL 588769 *2 (D. Conn. 2005)("a self-inflicted wound cannot be grounds for a Zadvydas claim").

Here, Petitioner was granted a stay of the removal in this District Court in May of 2003. This stay of removal remains in effect while Petitioner's claims for review are pending in the United States Court of Appeals for the Third Circuit. Thus, this Court finds that, as the stay is still in effect, the ninety-day removal period, and the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

Moreover, there is no indication in the record that Petitioner's removal to Trinidad and Tobago is not reasonably foreseeable if the stay of removal is lifted. Petitioner has a valid passport to the country, and the government is ready to schedule a flight as soon as the stay is lifted. Accordingly, it would appear that Petitioner's continued detention also complies with the mandates of Clark and Zadvydas.

Nevertheless, Petitioner also appears to contend that the sheer length of his prolonged detention violates his right to due process under the Fifth Amendment. In Oyedeji v. Ashcroft, 332 F. Supp.2d 747 (M.D. Pa. 2004), the district court noted that the "price for securing a stay of removal should not be continuing

incarceration," and concluded that the Due Process Clause of the Fifth Amendment requires that a criminal alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal, the execution of which has been stayed by judicial order. See Oyedeji, 332 F. Supp.2d at 753-754; Harrison v. Hogan, 2005 WL 2020711 (M.D. Pa. July 18, 2005); Haynes v. Department of Homeland Security, 2005 WL 1606321 (M.D. Pa. July 8, 2005).

> The Third Circuit has held that:
>
> [w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable. The fact that some aliens posed a risk of flight in the past does not mean they will forever fall into that category. Similarly, presenting danger to the community at one point by committing crime does not place them forever beyond redemption.

Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1994). The fact that a stay of removal has been issued in this case should not change this result. See Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003)(an alien not normally subject to indefinite detention as in Zadvydas should not be detained simply because he seeks avenues of relief legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take); Oyedeji, 332 F. Supp.2d at 753 (the price for securing a stay of removal should not be indefinite detention).

7

Thus, having concluded that Petitioner is protected by the Fifth Amendment's Due Process Clause, this Court must next determine the review to which Petitioner is entitled with respect to conditional release. Title 8 of the Code of Federal Regulations, section 241.4 governs the review process, and section 241.13 governs determinations of the likelihood of removal.[1]

Here, the administrative record shows that Petitioner did receive a custody review in October/November 2005, consisting of an examination of Petitioner's file and information that

---

[1] Under 8 C.F.R. § 241.4(i), the Director of the Headquarters Post-Order Detention Unit ("HQPDU") is required to designate a two-person panel to make recommendations on whether an alien should be released or detained. This recommendation must be unanimous. The initial review, and at the beginning of subsequent reviews, the review panel examines the alien's records. If the panel does not recommend release, or if the HQPDU Director rejects a recommendation for release, the alien shall be personally interviewed by the review panel. The alien may have a representative at this interview, subject to reasonable security concerns, and he may submit any information he believes may be pertinent in securing his release.

Under 8 C.F.R. § 241.4(d), an alien may obtain a conditional release from detention by showing that his release will not pose a significant risk of flight and danger to the community, to the safety of others or to property pending removal. Under 8 C.F.R. § 241.4(e), an alien is eligible for release if th review panel or the HQPDU Director find that the following criteria are met: (1) travel documents are not available or immediate removal is otherwise not practicable or not in the public interest; (2) the alien is presently a non-violent person; (3) the alien is likely to remain non-violent if released; (4) the alien is not likely to pose a threat to the community if released; (5) the alien is not likely to violate the conditions of release; and (6) the alien does not pose a significant flight risk if released.

Petitioner submitted to the BICE reviewing officials. A written Decision to Continue Detention was dated November 1, 2005 and sent to Petitioner. Thus, having carefully reviewed the record, the Court finds that Petitioner is not entitled to any greater custody reviews than that which the BICE has already provided. There is no indication that Petitioner's removal to Trinidad and Tobago will not be expeditiously accomplished once the judicial stay of removal is lifted.

Accordingly, the Court concludes that Petitioner's continued detention is statutorily permissible under 8 U.S.C. § 1231(a)(1)(B)(ii), because his removal period has not yet commenced. Moreover, Petitioner's continued detention does not violate due process and is not constitutionally impermissible at this juncture because he has been afforded an individualized custody review. Therefore, the petition will be denied without prejudice to allow Petitioner the opportunity to reassert his claims regarding continued detention if the BICE does not provide adequate due process in the future.

## CONCLUSION

For the reasons set forth above, this petition will be denied, without prejudice.  An appropriate order follows.

_____
JOEL A. PISANO
United States District Judge

Dated:  March 20 , 2006